# Supreme Court of Florida

_____

No. SC19-1688
_____

**IN RE:  AMENDMENTS TO RULE REGULATING THE FLORIDA BAR—
RULE 3-6.1.**

May 28, 2020

PER CURIAM.

The Florida Bar (Bar) petitions the Court to amend Rule Regulating the

Florida Bar (Bar Rule) 3-6.1 (Employment of Certain Lawyers or Former

Lawyers).  *See* R. Regulating Fla. Bar 1-12.1.  We have jurisdiction.  *See* art. V,

§ 15, Fla. Const.

In response to a referral letter from the Court, the Bar proposes amendments

to Bar Rule 3-6.1 to clarify what activities a suspended or former lawyer may

engage in when employed by a provider of legal services.[1]  The Bar's proposals

were approved by the Board of Governors of The Florida Bar, and formal notice of

---

1.  Bar Rule 3-6.1 regulates the employment of suspended and former
lawyers who have been disbarred or whose disciplinary revocations have been
granted by the Court.

the proposed amendments was published in *The Florida Bar News*. The notice directed interested persons to file their comments directly with the Court. The Court received one comment opposing several of the Bar's proposals as being unnecessary because the commenter believes the limitations in the current rule are sufficient. The Bar filed a response explaining that the proposed amendments are necessary to provide better protection for the public.

Having considered the Bar's petition, the comment filed, and the Bar's response, the Court hereby adopts the amendments to Bar Rule 3-6.1 proposed by the Bar with two additional amendments explained below. First, subdivision (b) (Employment by Former Subordinates Prohibited for a Period of 3 Years) is amended, as proposed, to make what is presently a three-year prohibition on former subordinates supervising suspended or former lawyers permanent. We amend subdivision (e) (Quarterly Reports by Individual and Employer Required) to reflect the changes to subdivision (b) related to the prohibition on former subordinates supervising suspended and former lawyers. Next, subdivision (d)(1) (Direct Client Contact) is amended, as proposed, to delete the word "direct" from the phrase "direct client contact," thereby prohibiting all contact between clients and suspended and former lawyers. Additionally, we add the phrase "(including engaging in communication in any manner)" to subdivision (d)(1) to emphasize

that any form of communication between suspended and former lawyers and their employers' clients is prohibited.

Next, we amend subdivision (d)(2) (Trust Funds or Property), as proposed, to clarify that "trust funds" as used in the rule is defined in chapter 5 of the Bar Rules, and to prohibit suspended and former lawyers from acting in certain fiduciary capacities. New subdivision (f) (Supervising Lawyer) is added, as proposed, to outline the requirements for supervising lawyers. Finally, a comment is added to the rule, as recommended by the Bar, to describe the Court's expectations regarding a lawyer's fiduciary duties.

Accordingly, Rule Regulating the Florida Bar 3-6.1 is amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The comments are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective on July 27, 2020.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, John M. Stewart, President, Dori Foster-Morales, President-elect, Allison Carden Sackett, Legal Division Director, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioner

Evan B. Plotka of Evan B. Plotka, P.A., Hollywood, Florida,

Responding with comments

# APPENDIX

## RULES REGULATING THE FLORIDA BAR
## CHAPTER 3 RULES OF DISCIPLINE
## 3-6 EMPLOYMENT OF CERTAIN LAWYERS OR FORMER LAWYERS
## RULE 3-6.1 GENERALLY

**(a) Authorization and Application.** Except as limited in this rule, persons or entities providing legal services may employ suspended lawyers and former lawyers who have been disbarred or whose disciplinary resignations or disciplinary revocations have been granted by the Florida Supreme Court [for purposes of this rule ~~such~~these lawyers and former lawyers are referred to as "individual(s) subject to this rule"] to perform those services that may ethically be performed by nonlawyers employed by authorized business entities.

An individual subject to this rule is considered employed by an entity providing legal services if the individual is a salaried or hourly employee, volunteer worker, or an independent contractor ~~providing services to the entity~~.

**(b) Employment by Former Subordinates Prohibited ~~for a Period of 3 Years~~.** An individual subject to this rule may not~~, for a period of 3 years from the entry of the order pursuant to which the suspension, disciplinary revocation, or disbarment became effective, or until the individual is reinstated or readmitted to the practice of law, whichever occurs sooner, be employed by or work under the supervision of another lawyer who was supervised by the individual at the time of or subsequent to the acts giving rise to the order~~ be employed or supervised by a lawyer whom the individual subject to this rule employed or supervised before the date of the suspension, disbarment, disciplinary resignation, or disciplinary revocation order.

**(c) Notice of Employment Required.** ~~Before employment commences, the~~The lawyer or entity employing any individual who will be subject to this rule must provide The Florida Bar with a notice of employment and a detailed description of the intended services to be provided by the individual subject to this rule before employment starts.

**(d) Prohibited Conduct.**

(1) *~~Direct~~ Client Contact.* Individuals subject to this rule must not have ~~direct~~ contact (including engaging in communication in any manner) with any

client.  ~~Direct client contact does not include the participation of the individual as an observer in any meeting, hearing, or interaction between a supervising lawyer and a client.~~

(2)  *Trust Funds or Property.*  Individuals subject to this rule must not receive, disburse, or otherwise handle trust funds or property <u>as defined in chapter 5 of these rules</u>.  <u>Individuals subject to this rule must not act as fiduciaries for any funds or property of their clients or former clients, their employers' clients or former clients, or the clients or former clients of any entity in which their employer is a beneficial owner.</u>

(3)  *Practice of Law.*  Individuals subject to this rule must not engage in conduct that constitutes the practice of law and ~~such individuals~~ must not hold themselves out as being eligible to do so.

**(e)  Quarterly Reports by Individual and Employer Required.**  The individual subject to this rule and employer must submit sworn information reports to The Florida Bar.  ~~Such~~<u>These</u> reports must be filed quarterly, based on the calendar year, and include statements that no aspect of the work of the individual subject to this rule has involved the unlicensed practice of law, that the individual subject to this rule has had no ~~direct~~ client contact, that the individual subject to this rule did not receive, disburse, or otherwise handle trust funds or property, and that the individual subject to this rule is not being supervised by a lawyer whom the individual subject to this rule supervised ~~within the 3 years immediately previous to~~<u>before</u> the date of the suspension, disbarment, disciplinary resignation, or disciplinary revocation <u>order</u>.

**(f)  Supervising Lawyer.**  <u>An individual subject to this rule must be supervised by a member of The Florida Bar in good standing and eligible to practice law in Florida who is employed full-time by the entity that employs the individual subject to this rule and is actively engaged in the supervision of the individual subject to this rule in all aspects of the individual's employment.</u>

<u>Comment</u>

<u>Trust funds are defined in chapter 5 of these rules and include, but are not limited to, funds held in trust for clients or third parties in connection with legal representation in escrow, estate, probate, trustee, and guardianship accounts.  The Supreme Court of Florida has held that lawyers acting as escrow agents have a fiduciary duty to protect the interests of all parties with an interest in the escrowed funds whether held in the lawyer's trust account or a separate escrow or fiduciary</u>

account.  *See Fla. Bar v. Marrero*, 157 So. 3d 1020 (Fla. 2015); *Fla. Bar v. Hines*, 39 So. 3d 1196 (Fla. 2010).  Individuals subject to this rule are prohibited from receiving, disbursing, or handling trust funds or property or acting as a fiduciary regarding funds or property of the current or former clients of these individuals, the entities employing them, or any other entity in which the employer is a beneficial owner.